UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD HODGES,
    Plaintiff,

v.                                                        Case No.: 1:25cv107/MW/ZCB

JASON RHODES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this prisoner civil rights action. The second amended complaint is the operative pleading. (Doc. 49). Defendant Sandra Krause has moved to dismiss for failure to state a claim. (Doc. 54). Plaintiff has responded in opposition. (Doc. 59). As explained below, Defendant Krause's motion should be denied.

### I.    Plaintiff's Allegations[1]

The second amended complaint names three people from the Florida Department of Corrections as Defendants: (1) Sergeant Jason Rhodes; (2) Officer Peeks; and (3) Nurse Sandra Krause.

---

[1] Plaintiff's allegations are assumed true at this stage. *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024).

1

Plaintiff's allegations arise from his time as an inmate at Cross City Correctional Institution.  On November 5, 2024, while Plaintiff awaited transport to an outside hospital, Defendant Krause put an IV into Plaintiff's arm.  Defendant Krause stated that she was going to call a doctor and get Plaintiff transported to an outside hospital.  A non-party nurse allegedly instructed Defendant Krause that "if anything else happens with Hodges again, call me . . . ." (Doc. 49 at 5-6).

Plaintiff was handcuffed to a bed railing while waiting to go to the hospital.  Defendants Rhodes and Peeks were guarding Plaintiff as he awaited transport.  Plaintiff asked Defendants Rhodes and Peeks for help, but they refused and told him to "shut up."  Next, Defendants Rhodes and Peeks allegedly began physically assaulting Plaintiff.  More specifically, Plaintiff claims that he was "struck repeatedly over and over again" in his eyes, mouth, and face.  (*Id.* at 7).  Defendant Krause allegedly watched the assault unfold but failed to either intervene or call others for help, even though she was "in a position to intervene without jeopardizing her own safety." (*Id.*).

According to Plaintiff, he suffered physical, mental, and emotional injuries because of the incident.  (*Id.* at 10).  In terms of claims, Plaintiff

2

alleges Defendants Rhodes and Peeks violated the Eighth Amendment by using excessive force and failing to intervene. (*Id.* at 12-13). He claims that Defendant Krause violated the Eighth Amendment by failing to intervene when Defendants Rhodes and Peeks used excessive force. (*Id.* at 13). For relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at 12, 14).

## II.    Legal Standard

Defendant Krause has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

3

## III.   Discussion

Defendant Krause seeks dismissal of Plaintiff's failure to intervene claim on the basis that, as a nurse, she had no duty to intervene when corrections officers used excessive force against Plaintiff.[2] (Doc. 54 at 8-9).  Plaintiff disagrees.  (Doc. 59).  For the reasons below, the Court finds that Plaintiff has stated a plausible failure to intervene claim against Defendant Krause.

"[T]o succeed on a failure to intervene [claim], in violation of the Eighth Amendment, a plaintiff must show that the official was present at the scene and failed to take reasonable steps to protect the victim from the other official's excessive use of force." *Reid v. Neel*, 688 F. App'x 613,

---

[2] Defendant Krause also argues that Plaintiff has not plausibly alleged a deliberate indifference claim.  (Doc. 54 at 5-8).  The Court, however, does not believe Plaintiff has asserted a deliberate indifference claim.  In the Statement of Facts, Plaintiff states that Defendant Krause "was deliberately indifferent to the harm caused by the deprivation of Plaintiff's 8th Amendment rights."  (Doc. 49 at 10).  But Plaintiff's Statement of Claims expressly states that Defendant Krause violated the Eighth Amendment by "failing to intervene/prevent the use of excessive force"—deliberate indifference is not mentioned.  (*Id.* at 13).  Plaintiff's allegations here involve a use of force and Defendant Krause's failure to intervene when such force was used.  The allegations do not involve a failure to treat a serious medical need.  Thus, the Court concludes that Plaintiff's allegations fall under the umbrella of failure to intervene as opposed to deliberate indifference to a serious medical need.

617 (11th Cir. 2017). Here, Plaintiff has alleged that Defendant Krause was present and watched as Defendants Rhodes and Peeks "brutally attacked" him by striking him repeatedly in the eyes, mouth, face, and head. (Doc. 49 at 7). This attack allegedly occurred after Plaintiff had requested help and stated that "something is seriously wrong with me." (*Id.*). According to Plaintiff's allegations, Defendant Krause saw the attack by the officers and "was in a position to intervene without jeopardizing her own safety." (*Id.*) Nonetheless, Plaintiff claims that Defendant Krause neither tried to stop the attack nor called for help. (*Id.*). These allegations, accepted as true and liberally construed, are sufficient to state a plausible failure to intervene claim against Defendant Krause.

In an attempt to avoid that conclusion, Defendant Krause argues that, as a nurse, she had no duty to intervene when Defendants Rhodes and Peeks (corrections officers) launched the allegedly brutal attack on Plaintiff. Defendant Krause cites several cases[3] in support of her

---

[3] The cases cited by Defendant Krause are *Williams v. Correctional Health*, No. 4:18-cv-51, 2019 WL 2335941, at *2 (S.D. Ga. Feb. 22, 2019), *Christie v. Scott*, 923 F. Supp. 2d 1308, 1319 (M.D. Fla. 2013), and *Riggins v. Beseler*, No. 3:10cv1187, 2013 WL 12086790, at *15 (M.D. Fla. Mar. 26, 2013). Although the district court's decision in *Riggins* was

argument.   (Doc. 54 at 8-9).   But there are numerous other cases (including two from judges on this Court) that reach the opposite conclusion than that urged by Defendant Krause.[4]   Under the circumstances of this case, where it is alleged that Defendant Krause was in a position to intervene yet stood by and did nothing when a prisoner was allegedly being "brutally attacked" (Doc. 49 at 7) by corrections officers, the Court finds that Plaintiff has stated a plausible failure to intervene claim.[5]  As the Sixth Circuit noted in a similar case, Defendant

---

affirmed by the Eleventh Circuit, the Eleventh Circuit did not address the issue of whether a nurse has a duty to intervene.  Instead, it resolved the appeal on other grounds.  *Riggins v. Beseler*, 568 F. App'x 850, 852-53 (11th Cir. 2014).  Indeed, the Eleventh Circuit's decision says nothing related to the issues raised in the current case.

[4] *See, e.g.*, *Baez v. Daniels*, No. 3:20cv5591, 2020 WL 7871958, at *11 (N.D. Fla. Nov. 25, 2020) (finding that the duty to intervene applies to prison nurses); *Neely v. Parra*, No. 5:13cv316, 2015 WL 500794, at *3 (N.D. Fla. Feb. 5, 2015) (denying motion to dismiss failure to intervene claim against prison nurse); *Durham v. Nu'man*, 97 F.3d 862, 868 (6th Cir. 1996) (holding that failure to intervene claim against prison nurse should have survived summary judgment); *Logan v. Smith*, No. 3:07cv1156, 2014 WL 2109889, at *4 (M.D. Fla. May 20, 2014) ("The duty to intervene has been found applicable to prison nurses."); *Allgood v. Fla. Dep't of Corr.*, No. 20-23038-CV, 2020 WL 7248250, at *2-3 (S.D. Fla. Oct. 21, 2020) (concluding a prisoner plausibly alleged a failure to intervene claim against prison nurse who watched alleged use of excessive force).

[5] The Court's decision today is based on the circumstances alleged in this case and should not be viewed as a categorical finding that prison nurses always have the same duty to intervene as corrections officers.  There may be circumstances where a nurse, due to a lack of training or

Krause could have taken action (by calling for assistance or voicing her concerns to the officers), such that "[c]oming to [Plaintiff's] aid would not have required her to become physically involved in the incident." *Durham*, 97 F.3d at 868.  Thus, Defendant Krause's motion to dismiss should be denied.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Defendant Krause's motion to dismiss (Doc. 54) be **DENIED**.

2.    This matter be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 18th day of May 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  An objecting party must serve a copy of the objections on all

---

experience, may not have had a duty to intervene when excessive force was used by a corrections officer (i.e., when the issue is whether the use of pepper spray was warranted or whether a particular type of restraint hold was appropriate).  But this is not such a case.

other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.