UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD HODGES,
    Plaintiff,

vs.

                                 Case No.: 1:25-cv-107-MW-ZCB

JASON RHODES, et al.,
    Defendants.

_____/

## ORDER

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983.  In the past two months, Plaintiff has inundated the Court with at least fifteen motions and requests.  (Docs. 73, 74, 85, 87, 88, 91, 92, 93, 94, 95, 96, 101, 114, 115, 116).  Defendants have also filed two discovery motions.  (Docs. 104, 109).  This order resolves all but two of those filings.

## I.    Background

Plaintiff asserts Eighth Amendment claims against two correctional officers and a prison nurse regarding an alleged use of force. (Doc. 49).  The scheduling order established that the "due date of any requested discovery must be no later than May 25, 2026." (Doc. 53 at 1).  As to discovery sought by Plaintiff from seven non-party inmates and prison employees (*see* Doc. 65), the discovery deadline was extended to

1

July 24, 2026. (Doc. 80 at 7-8). But the May 25, 2026, discovery deadline remained in effect for all other discovery. (*Id.* at 7-8). And the scheduling order provides that "no motions to compel discovery may be filed after 5:00 p.m. (Central Time) on the day discovery closes." (Doc. 53 at 4).

## II. Discussion

As noted above, all but two of the pending discovery motions will be resolved by way of this order. Given the number of pending motions and the fact that the Court is writing for the benefit of the parties, the Court will limit its discussion to what is necessary to resolve the motions.

### A. Plaintiff's June 18, 2026, motions to compel

On June 18, 2026,[1] Plaintiff filed three motions to compel regarding discovery requests served on Defendants. (Docs. 114, 115, 116). The deadline to seek discovery from Defendants expired on May 25, 2026. (Doc. 53 at 1; Doc. 80 at 7-8). Thus, Plaintiff's June 18, 2026, motions to compel are untimely because they were filed after the relevant discovery deadline had expired. (Doc. 53 at 4) (stating that no motions to compel

---

[1] The prison mail stamps reflect a filing date of June 18, 2026. (Doc. 114 at 1; Doc. 115 at 3; Doc. 116 at 3). *See Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (cleaned up)).

may be filed after the discovery deadline).  And Plaintiff has not shown

good cause for excusing his untimeliness.[2]  Accordingly, Plaintiff's June

18, 2026, motions to compel (Docs. 114, 115, 116) will be denied as

untimely.  *See El-Saba v. Univ. of S. Ala.*, 738 F. App'x 640, 645 (11th

Cir. 2018) (noting a district court acts "well within its discretion" when it

denies as untimely a motion to compel that was filed after discovery

expired); *see also Walker v. Economy Premier Assurance Co.*, 3:21cv366,

2023 WL 3398097, at *1 (N.D. Fla. Apr. 5, 2023) (denying as untimely a

---

[2] The motions could also be denied because Plaintiff failed to comply with Rule 31's requirements when he merely sent a list of questions to each Defendant.  *See Cargill v. Ala. Dep't of Corr.*, 2021 WL 11152964, at *1-2 (M.D. Ala. Dec. 15, 2021) (discussing Rule 31 and denying motion to depose by written questions) ("In lieu of a deposition officer actually asking the questions and a court reporter transcribing the deponents' verbal responses, plaintiff proposes that the deponents simply hand write their answers and sign them under oath.  In other words, the proposed form would, upon completion, essentially be a declaration.  Such a procedure is not permitted by Rule 31." (cleaned up)).  And the interrogatories sent to Defendant Krause on May 8, 2026 (Doc. 116 at 1), were untimely because the 30-day deadline for Defendant Krause to respond, Fed. R. Civ. P. 33(b)(2), fell past the May 25, 2026, discovery deadline.  *See Richardson v. Bradley*, No. 3:17cv921, 2019 WL 13562029, at *2 (N.D. Fla. Jan. 8, 2019) (denying motion to compel because the underlying interrogatories were untimely); *see also Diehl v. United States*, No. 24-10616, 2026 WL 280061, at *3 (11th Cir. Feb. 3, 2026) ("The discovery deadline in the case was January 3, 2023, which meant that all discovery requests needed to be filed on or before December 1, 2022.  Diehl's second discovery request was dated December 3, 2022, and the mailing envelope indicated it wasn't given to the BOP until December 8, 2022.  In either event, the request was untimely.").

motion to compel filed after the discovery deadline expired).

## B. Plaintiff's "Requests"

Plaintiff has also filed multiple "Requests" related to discovery and various discovery motions. (Docs. 91, 92, 93, 94, 95, 101). Several of these requests, however, are either moot or improper.

### 1. Plaintiff's May 20, 2026, request

On May 20, 2026, Plaintiff requested leave for Plaintiff's family to contact the four non-party inmates from whom Plaintiff sought declarations (*see* Docs. 65, 98). (Doc. 91). Such leave is unnecessary because the Court already provided Plaintiff with a reasonable procedure to conduct discovery on the four inmates. (*See* Doc. 80). Involving Plaintiff's family in that procedure is unwarranted, and Plaintiff's family members (unless licensed as attorneys) are not permitted to represent Plaintiff in this litigation. In any event, this request is now moot because responses from the four inmates have been provided to Plaintiff. (*See* Doc. 111). Thus, Plaintiff's May 20, 2026, request (Doc. 91) will be denied.

### 2. Plaintiff's May 21, 2026, request for Rule 35 examination

On May 21, 2026, Plaintiff filed a Rule 35 request for a non-FDOC doctor to examine him. (Doc. 92). "While the Court may, upon a party's motion, order a party to undergo a medical examination under Rule 35 of

the Federal Rules of Civil Procedure, Rule 35 only authorizes the Court to compel a party to submit to a physical or mental evaluation at another party's request; it does not, however, authorize the Court to pay for such an examination and does not authorize the Court to provide expert services for an indigent party proceeding *pro se* and seeking his own examination." *Wheeler v. Polite*, 2023 WL 3765239, at *2 (M.D. Ga. June 1, 2023).  Because Plaintiff seeks a Rule 35 examination for himself, and there is no indication that Plaintiff has the means to pay for the examination, Plaintiff's May 21, 2026, request (Doc. 92) will be denied.[3] *See Wheeler*, 2023 WL 3765239, at *2 (denying prisoner's Rule 35 request

---

[3] Even if Plaintiff could seek a Rule 35 examination for himself, his conclusory request and assertion of bias by FDOC medical staff does not show good cause for allowing such an examination.  *See Wheeler*, 2023 WL 3765239, at *2 ("Rule 35 also requires a party to show good cause to compel a medical exam, which requires an affirmative showing by the movant that the physical or mental condition of the party in question is genuinely in controversy and that the exam requested is appropriate . . . .  Plaintiff has not shown that the specific examination requested is required—in fact, Plaintiff has barely specified what kind of examination he believes he needs or why." (cleaned up)); *see also Clark v. Fye*, 2020 WL 2482119, at *2 (M.D. Ga. Jan. 13, 2020) ("Plaintiff has not established good cause for an examination under Rule 35.  His motion rests on mere conclusory statements that his prior examinations were biased because the companies which performed the examinations were used by defendants." (cleaned up)), *adopted in relevant part*, 2020 WL 999754 (M.D. Ga. Mar. 2, 2020).

to be examined by medical professionals not associated with the prison).[4]

### 3.  Plaintiff's May 21, 2026, request for a subpoena

On May 21, 2026, Plaintiff requested a subpoena for "the official who's in charge of the records at Cross City C.I." so Defendants "can have [the records] with them doing interrogatories, admissions, produce documents, and deposition upon written questions."  (Doc. 93).

"A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval.  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and the production sought by Plaintiff must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that parties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense or any relevant information

---

[4] *See also Brown v. United States*, 74 F. App'x 611, 614-15 (7th Cir. 2003) ("Rule 35 . . . does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.  Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party.  Brown seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case.  However, no civil litigant, even an indigent one, has a legal right to such aid.").

reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena." *Heaggins v. Thomas*, 2021 WL 5456974, at *1 (S.D. Ga. Nov. 22, 2021) (cleaned up).

Plaintiff's request for a subpoena does not comply with Rule 45. The request fails to identify what documents Plaintiff seeks and fails to identify the prison official in possession of those documents. (Doc. 93 at 1-2). This is insufficient under Rule 45. *See Heaggins*, 2021 WL 5456974, at *3 ("A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.").

Accordingly, Plaintiff's May 21, 2026, request for a subpoena (Doc. 93) will be denied. *See Wright v. Young*, No. 4:10cv474, 2012 WL 3206538, at *1 (N.D. Fla. Aug. 6, 2012) (noting that "a *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from a non-party only upon Court approval" and that a subpoena request must "be accompanied by a description of what records he is seeking from each non-party and what relevance the records have to his claim" (cleaned up)); *see also Wromas v. Mursch,* No. 3:20cv2698,

7

2022 WL 22878022, at *1 (N.D. Fla. June 9, 2022) (denying prisoner's request for subpoena where he "has not identified any specific documents or specific categories of documents or electronically stored information that he is seeking" and instead "has simply stated in the broadest of terms that he wants Centurion to produce evidence" (cleaned up)).

### 4. Plaintiff's May 21, 2026, request to disregard

On May 21, 2026, Plaintiff filed a request to "disregard the motion or dismiss the motion for an order compelling discovery against Defendant Krause . . . ." (Doc. 94). The Court construes this request as a notice of withdrawal of Plaintiff's May 18, 2026, motion to compel filed against Defendant Krause (Doc. 88). Thus, the Court will grant Plaintiff's May 21, 2026, request (Doc. 94) and terminate the May 18, 2026, motion to compel filed against Defendant Krause (Doc. 88) as moot.

### 5. Plaintiff's May 20, 2026, request to decline additional time

On May 20, 2026, Plaintiff filed a request for the Court to decline Defendant Peeks' additional time to respond to Plaintiff's discovery requests (Docs. 72, 75). (Doc. 95). Aside from asking the Court to deny Defendant Peeks' request for additional time to respond to Plaintiff's discovery requests (*see* Doc. 81), Plaintiff also asks the Court to "grant the order that the defendant, Kody Peeks, and defense counsel pay the

8

Plaintiff the reasonable expense fees." (Doc. 95 at 3).

Plaintiff's May 20, 2026, request appears to have been intended as a reply to Defendant Peeks' response (Doc. 81) to Plaintiff's May 5, 2026, motions to compel (Docs. 73, 74). But Plaintiff was not authorized to submit a reply in support of his motions to compel nor are there extraordinary circumstances warranting one. *See* N.D. Fla. Loc. R. 7.1(I) (stating that a "party ordinarily may not file a reply memorandum in support of a motion" and that the Court may only grant leave to reply "in extraordinary circumstances"); *see also Grlpwr, LLC v. Rodriguez*, No. 3:23cv16480, 2023 WL 6509501, at *1 (N.D. Fla. July 27, 2023) (noting that the standard under Local Rule 7.1(I) "is difficult to meet (as it should be) and it requires more than a party simply wanting to get the last word on its motion or to point out something that the Court is capable of discerning on its own without further briefing").

Accordingly, Plaintiff's May 20, 2026, request (Doc. 95) will be stricken as an unauthorized reply in violation of Local Rule 7.1(I).[5] *See*

---

[5] Even if Plaintiff's May 20, 2026, filing was not intended to be a reply, his request for the Court to decline Defendant Peeks additional time to respond to Plaintiff's discovery requests is moot because Defendant Peeks has already been granted additional time to respond. (*See* Doc. 82). And Defendant Peeks filed a notice indicating that responses to the discovery requests were provided to Plaintiff. (Doc. 90).

*Kaimowitz v. Supervisor of Elections*, No. 1:16cv257, 2016 WL 6594110, at *1 n.2 (N.D. Fla. Oct. 25, 2016) ("Plaintiff has not obtained leave to file the reply memorandum and therefore the filing is unauthorized and due to be stricken."), *adopted*, 2016 WL 6573973 (N.D. Fla. Nov. 4, 2016).

### 6. Plaintiff's June 2, 2026, request for sanctions

On June 2, 2026, Plaintiff filed a request for sanctions. (Doc. 101). Given Plaintiff's references to his discovery requests and Defendants' responses to his motions to compel, this filing also appears to be nothing more than another unauthorized reply in support of Plaintiff's earlier-filed motions to compel. Thus, Plaintiff's June 2, 2026, request for sanctions (Doc. 101) will be stricken as an unauthorized reply in violation of Local Rule 7.1(I). *See Kaimowitz*, 2016 WL 6594110, at *1 n.2.

### C. Plaintiff's May 5, 2026, motions to compel

On May 5, 2026, Plaintiff filed motions to compel regarding discovery requests served on Defendant Peeks. (Docs. 73, 74). In response, Defendant Peeks' counsel explained that he had difficulty contacting Defendant Peeks and sought additional time to respond to Plaintiff's discovery requests (Docs. 72, 75). (Doc. 81 at 1-2). The Court granted additional time, allowing Defendant Peeks until May 25, 2026, to respond to the discovery requests. (Doc. 82).

Defendant Peeks has indicated that he has served responses to the discovery requests at issue (Docs. 72, 75).  (Doc. 90).  Because Defendant Peeks has now responded to the discovery requests, Plaintiff's May 5, 2026, motions to compel (Docs. 73, 74) will be denied as moot.[6]

---

[6] Plaintiff's motions to compel each seek $200 in expenses under Rule 37(a).  Such awards are not warranted here.  As to Plaintiff's interrogatory-related motion to compel (Doc. 74), there is no indication that Plaintiff attempted "in good faith to obtain the . . . discovery without court action[.]"  Fed. R. Civ. P. 37(a)(5)(A)(i).  Nor does Plaintiff's motion include a certification indicating that he conferred or attempted to confer prior to filing the motion.  *See* Fed. R. Civ. P. 37(d)(1)(B).  Indeed, Defendant Peeks' response notes that Plaintiff made no attempts to confer prior to the filing of the motion despite Plaintiff and Defendant Peeks' counsel speaking on May 5, 2026—the same day the motion was filed.  (Doc. 81 at 2).  The same is true of the admission-related motion to compel (Doc. 73) because there is no indication Plaintiff attempted to confer prior to filing the motion.  *See Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19cv381, 2020 WL 6122067, at *3 (N.D. Fla. Apr. 6, 2020) (noting Rule 36 provides that "Rule 37(a)(5) applies to an award of expenses for bringing a motion regarding the sufficiency of an answer or objection" (cleaned up)).

And even if Plaintiff had moved for expenses under Rule 37(c)(2), such a request is premature at this stage of the case.  *See Bruggemann v. Amacore Grp., Inc.*, 2011 WL 1899251, at *4 (M.D. Fla. Apr. 1, 2011) ("Rule 37(c)(2), which deals only with admissions, imposes a look-back approach for dealing with sanctions.  If the receiving party inappropriately denies the admission or inappropriately says it cannot truthfully admit or deny, the rule does not give a pretrial hearing on sanctions to the litigant demanding answers to the admissions.  Instead, the rule envisions posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." (cleaned up)); *Odom v. Roberts*, 337 F.R.D. 347, 353 (N.D. Fla. 2020) ("Since Rule 36 does not provide a mechanism for determining whether the responses are

### D. Plaintiff's May 14, 2026, motion to compel

On May 14, 2026, Plaintiff filed a motion to compel regarding discovery requests served on Defendant Peeks.  (Doc. 85).  In response, Defendant Peeks states that discovery responses were sent to Plaintiff's classification officer and Plaintiff directly for viewing.  (Doc. 86).  Because Defendant Peeks has responded to the discovery requests, Plaintiff's May 14, 2026, motion to compel (Doc. 85) will be denied as moot.[7]

### E. Plaintiff's May 25, 2026, motion to compel

On May 25, 2026, Plaintiff filed a motion to compel regarding

---

warranted by the evidence thus far accumulated, Rule 37(c) is intended to provide *posttrial* relief in the form of requiring the party who improperly refused to admit to pay the expenses of the other side in *making* the necessary *proof at trial*.").

[7] As with the May 5, 2026, motions to compel (Docs. 73, 74), Plaintiff is not entitled to an award of expenses under Rule 37(a) for his May 14, 2026, motion to compel (Doc. 85) because there is no indication that Plaintiff attempted to obtain the discovery without Court action or conferred with Defendants prior to filing the motion.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i), (d)(1)(B).  And it appears Defendant Peeks had already responded to Plaintiff's discovery requests prior to Plaintiff filing his motion to compel on May 14, 2026—thereby precluding an award of expenses under Rule 37(a).  (Doc. 86 at 2) (noting a "response has already been submitted to plaintiff); *see* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the . . . *requested discovery is provided after* the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion . . . ." (cleaned up and emphasis added)).

requests for production (RFPs) served on Defendants Krause and Rhodes. (Doc. 96). Plaintiff asks the Court to overrule Defendant Krause's objections to RFPs 2, 3, 4, 5, and 6, and Defendant Rhodes' objections to RFPs 3, 5, and 8. (*Id.* at 1-2). Defendants assert that they have produced all responsive documents in their possession. (Docs. 102, 105).

Under Rule 34(a), a party must produce non-privileged documents that are responsive to a request for production so long as the documents are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). But a court "cannot compel" a party "to produce a [document] that it does not possess, control, or have in its possession." *Hollywood Beach Hotel Owners Ass'n. v. Continental Casualty Co.*, 2011 WL 13217005, at *1 (S.D. Fla. Mar. 23, 2011). "The party seeking production bears the burden of establishing that the opposing party has control over the documents sought." *Al-Saadi v. Annchery Fajas USA, Inc.*, 2021 WL 8773350, at *3 (S.D. Fla. Nov. 29, 2021) (cleaned up); *see also Hollywood Beach Hotel Owners Ass'n*, 2011 WL 13217005, at *1 (explaining that the party seeking discovery must overcome the opposing party's assertion that it lacks possession, custody, or control of the documents sought).

Here, Plaintiff has not met his burden of showing that Defendants have possession of the documents sought by Plaintiff. And while some of

Defendants' objections may not be the model of clarity, the Court find that the at-issue RFPs are irrelevant and overly broad.

### 1. The RFPs served on Defendant Krause

As to Defendant Krause, RFPs 3, 4, and 5 seek prison camera footage of the alleged use of force on Plaintiff and grievance documents. (Doc. 96 at 3-4). Plaintiff has not met his burden of showing that Defendant Krause, as a medical employee of the prison, has possession of the prison camera footage or grievance documents sought by RFPs 3, 4, and 5. *See Annabel v. Heyns*, 2014 WL 1207802, at *2 (E.D. Mich. Mar. 24, 2014) (denying motion to compel prison medical employee to produce prisoner's medical documents, prison camera footage, and other prison documents because the medical employee was not an officer or employee of the department of corrections and had no control over prison records), *aff'd*, No. 16-2398, 2018 WL 4870866 (6th Cir. Apr. 10, 2018).

RFPs 2 and 6 vaguely seek "copies of policy and procedure as RN, Nurse what rules must be follower" and "a copy of the sorn oath sworn oath signed by the defendant in order to become a nurse." (Doc. 96 at 3-4). Because these two RFPs fail to identify specific records and seek documents that are immaterial to the elements of Plaintiff's Eighth Amendment claims, the Court finds RFPs 2 and 6 are overly broad and

seek irrelevant documents.  *See Pediatric Servs. of Am., Inc. v. Kendrick*, No. 3:18cv1372, 2019 WL 580786, at *2 (N.D. Fla. Jan. 17, 2019) ("[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request.").

Accordingly, Plaintiff's May 25, 2026, motion to compel (Doc. 96) will be denied as to Defendant Krause.

### 2. The RFPs served on Defendant Rhodes

As to Defendant Rhodes, RFPs 3, 5, and 8 seek prison camera footage of the alleged use of force on Plaintiff, copies of FDOC rules (Fla. Admin. Code § 33-208.002), and Cross City C.I. policies.  (Doc. 96 at 8, 10).  In response to RFP 3, Defendant Rhodes states that there is no video footage of the alleged use of force.  (*Id.* at 8).  Other than asking the Court to overrule this response, Plaintiff has provided nothing to meet his burden of showing that video footage of the incident exists or that Defendant Rhodes is in possession of such footage.  *See Tibbetts Lumber Co., LLC v. Amerisure Mut. Ins. Co.*, 2021 WL 1966492, at *1-2 (M.D. Fla. May 17, 2021) (stating that a "court cannot compel a party to produce documents that it does not have in its possession, custody, or control, or documents that do not exist" and noting that, "as a matter of practical reality, the Court must accept, at face value, a party's representation that

15

it has fully produced all materials that are discoverable" because courts "have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations" (cleaned up)).

In response to RFPs 5 and 8, Defendant Rhodes states that legal research is an improper discovery request and that the sought prison policies are irrelevant and not in Defendant Rhodes' possession. (Doc. 96 at 8, 10). As noted above regarding the RFPs to Defendant Krause, a violation of prison policy or procedure is immaterial to whether or not the Eighth Amendment was violated. Thus, the Court finds that Plaintiff has not met his burden of showing that the documents sought by RFPs 5 and 8 are relevant to this case. *See Tenet Fla., Inc. on Behalf of Coral Gables Hosp. v. Glob. Excel Mgmt., Inc.*, 2019 WL 1253403, at *2 (S.D. Fla. Mar. 19, 2019) ("After a properly stated objection is presented, the proponent of a motion to compel seeking to overrule the objection must prove relevance of the requested discovery.").

Accordingly, Plaintiff's May 25, 2026, motion to compel (Doc. 96) will be denied as to Defendant Rhodes.

16

### F. Defendants Peeks' and Rhodes' June 12, 2026, motion to strike

On June 12, 2026, Defendants Peeks and Rhodes moved to strike Plaintiff's discovery requests as untimely. (Doc. 104). Defendants argue that Plaintiff served requests for admission, interrogatories, and requests for production on May 7 and 11, 2026, which did not allow Defendants sufficient time to respond before the May 25, 2026, discovery deadline. (*Id.* at 2-5). Plaintiff opposes the motion but does not appear to dispute that the discovery requests were sent on May 7 and 11, 2026. (Doc. 112 at 1-2).

Responses to interrogatories, requests for production, and requests for admission are due within 30 days after the discovery requests were served. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Because the 30-day deadline for Defendants Peeks and Rhodes to respond Plaintiff's May 7 and 11, 2026, discovery requests fell past the May 25, 2026, discovery deadline, Plaintiff's discovery requests were untimely when served. *See Diehl v. United States*, No. 24-10616, 2026 WL 280061, at *3 (11th Cir. Feb. 3, 2026) ("The discovery deadline in the case was January 3, 2023, which meant that all discovery requests needed to be filed on or before December 1, 2022. Diehl's second discovery request was dated December

17

3, 2022, and the mailing envelope indicated it wasn't given to the BOP until December 8, 2022. In either event, the request was untimely.").

Accordingly, Defendants' June 12, 2026, motion to strike (Doc. 104) will be granted and Plaintiff's May 7 and 11, 2026, discovery requests served on Defendants Peeks and Rhodes will be stricken as untimely. *See Terry v. Sacred Heart Health Sys., Inc.*, No. 3:21cv830, 2022 WL 23011622, at *2 (N.D. Fla. Aug. 12, 2022) (noting a party is "under no obligation to comply" with "an untimely discovery request").

## G. The two remaining motions

The Court has now resolved all pending discovery motions except for Plaintiff's May 15, 2026, motion to compel filed against Defendant Rhodes (Doc. 87) and Defendant's Krause's June 18, 2026, motion for protective order (Doc. 109). It does not appear that responses to these two motions have been filed.[8] The Court will direct responses to be filed

---

[8] Defendant Peeks' response (Doc. 86) to a different motion to compel (Doc. 85) appears to also address the discovery requests served on Defendant Rhodes at issue in Plaintiff's May 15, 2026, motion to compel (Doc. 87). But the Court will require a standalone response to avoid any uncertainty as to Defendant Rhodes' position. As to Defendant Krause's motion for protective order (Doc. 109), Plaintiff was ordered to respond within fourteen days of the motion being filed on June 18, 2026. (Doc. 110). That deadline has not yet passed and Plaintiff has yet to respond. Thus, the Court will grant a short extension for Plaintiff to respond.

before issuing a ruling.

### III.  Conclusion

For the reasons above, it is **ORDERED** that:

1.    Plaintiff's June 18, 2026, motions to compel (Docs. 114, 115, 116); Plaintiff's May 21, 2026, requests (Docs. 92, 93); and Plaintiff's May 25, 2026, motion to compel (Doc. 96) are **DENIED**.

2.    Plaintiff's May 20, 2026, request (Doc. 91); Plaintiff's May 5, 2026, motions to compel (Docs. 73, 74); and Plaintiff's May 14, 2026, motion to compel (Doc. 85) are **DENIED as moot**.

3.    Plaintiff's May 21, 2026, request to disregard (Doc. 94) is **GRANTED** to the extent that the Clerk of Court is directed to **TERMINATE** as moot Plaintiff's May 18, 2026, motion to compel filed against Defendant Krause (Doc. 88).

4.    Plaintiff's May 20, 2026, request (Doc. 95); and Plaintiff's June 2, 2026, request for sanctions (Doc. 101) are **STRICKEN** as unauthorized replies in violation of Local Rule 7.1(I).

5.    Defendants Peeks' and Rhodes' June 12, 2026, motion to strike (Doc. 104) is **GRANTED** to the extent that Plaintiff's May 7 and 11, 2026, discovery requests to Defendants Peeks and Rhodes are **STRICKEN** as untimely.

19

6. Within **fourteen days** of the date of this order:

   a. Defendant Rhodes shall file a response to Plaintiff's May 15, 2026, motion to compel (Doc. 87); **AND**

   b. Plaintiff shall file a response to Defendant Krause's June 18, 2026, motion for protective order (Doc. 109).

**SO ORDERED** this 6th day of July 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge