UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD HODGES,
Plaintiff,

vs. Case No.: 1:25-cv-107-MW-ZCB

JASON RHODES, et al.,
Defendants.
_______________________________/

**ORDER**

Currently before the Court are two motions filed by Defendants Rhodes and Peeks: (1) a motion to amend (Doc. 129) their motion for summary judgment (Doc. 125); and (2) a motion to seal (Doc. 130). On August 21, 2026, the Court ordered Plaintiff to respond to the two motions within fourteen days. (Doc. 131). That deadline has passed, and the Court has received no response from Plaintiff.

In the motion to amend, Defendants seek leave to supplement or amend their motion for summary judgment (Doc. 125) because they inadvertently omitted an exhibit referenced in the summary judgment motion. (Doc. 129). Defendants state that Plaintiff will not be prejudiced because nothing in the motion for summary judgment will change other than adding the exhibit. (*Id.* at 2).

The Court finds Plaintiff will not be prejudiced by allowing the amendment. Thus, Defendants will be permitted to file an amended summary judgment motion that includes the omitted exhibit. *See* Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact.").

Next is Defendants' motion to seal video footage from inside the prison that was submitted with their summary judgment motion. (Doc. 130). Defendants state that good cause exists to seal the footage because sealing will preserve prison safety and security by not allowing the public to see the layout of the prison. (*Id.* at 2-3).

Upon consideration of Defendants' argument and the Court's own experience with prisoner litigation, the Court agrees that sealing the footage is warranted for the reasons stated in Defendants' motion. *See Wromas v. Mursch*, No. 3:20cv2698, 2023 WL 11937923, at *1-2 (N.D. Fla. Apr. 28, 2023) (granting motion to seal video footage showing the interior of a Florida prison based on safety and privacy concerns (collecting cases)); *see also Jones v. Cash*, No. 3:21cv487, 2021 WL 12410359, at *1-2 (N.D. Fla. Dec. 23, 2021) ("[T]his Court has

consistently ordered prison security footage in similar use of force cases to be filed under seal, recognizing that disclosure of the footage to the public could pose a threat to safety and security because such footage may reveal the institution's methods of practices and show areas which might not be covered by cameras." (collecting cases)).

Accordingly, it is **ORDERED** that:

1. Defendants Rhodes' and Peeks' motion to amend summary judgment motion (Doc. 129) is **GRANTED** to the extent that they must file an amended motion for summary judgment within **seven days** of the date of this order.[1] The Court will terminate as moot the initial motion for summary judgment (Doc. 125) and reset Plaintiff's response deadline upon the filing of the amended motion for summary judgment.

2. Defendants Rhodes' and Peeks' motion to seal (Doc. 130) is **GRANTED** to the extent that they may file under seal (as an exhibit to the amended motion for summary judgment) the video footage referenced in the motion.

[1] As noted in the motion to amend (Doc. 129 at 2), the amended motion for summary judgment must be identical aside from including the omitted exhibit and correcting any record cites.

**DONE AND ORDERED** this 11th day of September 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge