UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD HODGES,
Plaintiff,

v. Case No. 1:25-cv-107-MW-ZCB

JASON RHODES, et al.,
Defendants.
_______________________________/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Filing Alteration Notice." (Doc. 149). Although not entirely clear, it appears that the "notice" is asking the Court to provide some sort of injunctive relief. To the extent that the "notice" could be construed as a motion for preliminary injunction, it should be denied.

In his "notice," Plaintiff says he is having issues obtaining his property from prison staff. Plaintiff appears to be asking the Court to issue an "order for property Sgt. Ms. Man and C-Dorm MTC staff's members" to return the property. (*Id.* at 2). These allegations stem from events that occurred after Plaintiff was allegedly "stabbed multiple times" at "Graceville Correctional Facility" on "9-22-2026." (*Id.* at 1).

First, Plaintiff's motion is based on events that are not closely related to the matters set forth in his second amended complaint. The purpose of preliminary injunctive relief is to "preserve the status quo" between the parties and prevent irreparable injury until the merits of the underlying lawsuit can be resolved. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This means that "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Garrison v. Nuzum*, 2024 WL 5273268, at *1 (M.D. Fla. June 27, 2024) (cleaned up) (collecting cases).

Plaintiff's second amended complaint involves officers and staff members employed at Cross City Correctional Institution and an allegedly unlawful use of force that occurred there in 2024. (Doc. 49 at 2-14). In contrast, the allegations in Plaintiff's motion reference non-party prison employees from the Graceville Correctional Institution (where Plaintiff is currently confined) and events that allegedly occurred in 2026. (Doc. 149 at 1-2; Doc. 149-1). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his second amended complaint, it lacks merit. *See Daker v. Ward*, 2023 WL 3205329, at *4 (M.D. Ga. May 2, 2023) ("The relief Plaintiff seeks is . . . not of the same character and does not deal with conduct closely related

to the conduct complained of in Plaintiff's Recast Complaint. Plaintiff's requested preliminary injunctive relief is therefore improper.").

Second, Plaintiff's motion lacks merit because he has not sought injunctive relief in his second amended complaint. He has only sought monetary damages. (Doc. 49 at 12, 14). Thus, this Court lacks authority to grant the preliminary injunctive relief Plaintiff seeks. *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008) (noting the "district court lacked the authority to enter this injunction because in the underlying litigation, [the plaintiff] asks only for damages").

Third, Plaintiff's motion lacks merit because he seeks an injunction against individuals who are not named as Defendants in this action. The named Defendants in the second amended complaint are Sergeant Rhodes, Officer Peeks, and Nurse Krause—all from Cross City C.I. (Doc. 49 at 2-3). The individuals named in Plaintiff's motion are non-party prison employees from Graceville C.I. (Doc. 149 at 1-3). *See E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) ("Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."); *see also Jackson v. Baisden*, No. 21-13004, 2022 WL 610314,

at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Filing Alteration Notice" (Doc. 149), construed as a motion or preliminary injunction, be **DENIED**.

At Pensacola, Florida this 20th day of October 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.